IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| John M. Kirby, | Case No.: 6:20-cv-2687-SAL |
| Petitioner, | |
| v. | **OPINION AND ORDER** |
| Tonya James, | |
| Respondent. | |

This matter is before the Court for review of the March 16, 2021 Report and Recommendation of United States Magistrate Judge Kevin F. McDonald (the "Report"), made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (D.S.C.). [ECF No. 29]. In the Report, the Magistrate Judge recommends the district court grant Respondent's motion for summary judgment. *Id*. Plaintiff timely filed objections to the Report, ECF No. 32, and Respondent replied, ECF No. 34. For the following reasons, the Court adopts the Report in its entirety.

## BACKGROUND

In the Report, the Magistrate Judge describes the factual and procedural background of this case and the Petitioner's allegations fully and in detail. *See* [ECF No. 29]. The Report also accurately and fully articulates the applicable legal standards. *Id.* The Court adopts the background and legal standards in full without restating and incorporates the background and legal standards by reference, except to consider Petitioner's factual objections.[1]

---

[1] Petitioner does not specifically object to the legal standards in the Report.

## REVIEW OF A MAGISTRATE JUDGE'S REPORT

The Court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). A district court, however, is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See id.*; Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which the party has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate's Report thus requires more than a reassertion of arguments from the pleading or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing

*Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)).  The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*."  *Id.* (emphasis added) (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47).

## DISCUSSION

**I.     Petitioner's objections**

Petitioner's objections begin with a recitation of what he considers to be the undisputed facts of this case.  [ECF No. 32 pp.1-2].  He describes his mental health history, the proceedings at his PCR hearing, and the findings of his 2013 psychological evaluation.  *Id.*  He then argues that plea counsel was ineffective in failing to request an additional competency evaluation.  *Id.* at 2-3.

**II.    The Magistrate Judge properly described and considered the facts of the case.**

First, the Magistrate Judge quoted Petitioner's plea counsel's detailed recitation of Petitioner's mental health history in the Report.  [ECF No. 29 p.8].  Second, the Magistrate Judge discussed the PCR proceedings in great detail.  *Id.* at 8-12.  Third, the Magistrate Judge analyzed the PCR court's consideration of the results of Petitioner's 2013 psychological evaluation.  *Id.* at 11-12.

To the extent Petitioner objects to the Magistrate Judge's recitation of the factual and procedural history of the case, the objection is overruled.  Petitioner's recitation of the facts in his objection does not point to any meaningful difference between his version of the facts and the Report.  After a *de novo* review, this Court finds the Magistrate Judge accurately and sufficiently detailed the factual and procedural history of the case in accordance with the proper legal standards.

### III. Petitioner's argument that plea counsel was ineffective in failing to request an additional competency evaluation is insufficient to constitute a specific objection.

Petitioner argues in his objections that plea counsel was ineffective in failing to request an additional competency evaluation. [ECF No. 32 pp.2-3]. This is the same argument from the pleading, ECF No. 1 p.3, and it was squarely addressed by the Report, ECF No. 29 pp.7-14. A specific objection to the Magistrate's Report requires more than a reassertion of arguments from the pleading or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Petitioner's reassertion of his argument that plea counsel was ineffective in failing to request an additional competency evaluation is not a specific objection: it is general, conclusory, and it has already been fully considered.

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). In the absence of specific objections to portions of the Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (emphasis added) (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47).

After a thorough review of the Magistrate Judge's analysis, the applicable law, and the record of this case in accordance with the above standard, the Court finds no clear error. The Magistrate Judge properly concluded that the PCR court's decision that Petitioner failed to prove either prong of *Strickland* was reasonable and supported by the record. Petitioner's objection is overruled.

4

## CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case, the Court finds no clear error in the Report. After *de novo* review of each part of the Report to which Petitioner specifically objected, the Court hereby adopts the Report and Recommendation, ECF No. 29, in its entirety and incorporates it by reference herein. For the reasons discussed above, and in the Report, Respondent's motion for summary judgment, ECF No. 20, is GRANTED. The Court declines to hold an evidentiary hearing because the record of the case conclusively shows that Petitioner is entitled to no relief. Rule 8(a), Rules Governing Section 2254 Proceedings.

It is further ordered that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[2]

IT IS SO ORDERED.

May 10, 2021
Florence, South Carolina

/s/Sherri A. Lydon
Sherri A. Lydon
United States District Judge

---

[2] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right."